UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOEL VINCENT MCCLURE,<br>  Petitioner, | Case No. 1:16-cv-729 |
| vs. | Barrett, J.<br>Wehrman, M.J. |
| WARDEN, LONDON<br>CORRECTIONAL INSTITUTION,<br>  Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 3). He later amended his petition to clarify his sole ground for relief. (Docs. 8, 9). This matter is before the Court on the petition, as amended, respondent's return of writ, and petitioner's reply. (Docs. 3, 6-8).

I.  **FACTUAL BACKGROUND:**

The Ohio Court of Appeals, First Appellate District, provided the following summary of the facts that led to petitioner's conviction and sentence:[1]

> [Petitioner], who had previously been convicted of aggravated robbery, entered a salon and demanded that the employee give him cash from the register. [Petitioner] brandished a knife during the robbery, and absconded with $600 cash. [Petitioner] was later charged with aggravated robbery and a repeat offender specification.
>
> [Petitioner] entered into plea negotiations with the state, and agreed to plead guilty to one count of aggravated robbery in return for the state dismissing the repeat offender specification. During the plea negotiations, [petitioner's] counsel was informed that he had a potential conflict of interest in that another member of the public defender's office represented an individual in another

---

[1] 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Because petitioner has not presented clear and convincing evidence to rebut the Ohio Court of Appeals' factual findings quoted herein, the state appellate court's factual findings are presumed to be correct. *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004).

> matter, and that person was identified as a potential witness against [petitioner]. [Petitioner's] counsel and another member of the public defender's office discussed the issue fully with [petitioner] and informed [petitioner] that he could obtain different counsel. [Petitioner's] counsel gave [petitioner] the weekend to consider the issue. [Petitioner] informed his counsel that he wanted to waive the conflict and proceed with the plea after acknowledging that his attorney discussed the nature of the conflict, its potential consequences, and [petitioner's] options.
>
> During the plea hearing, the trial court and the parties discussed the conflict of interest issue in full, with the trial court personally addressing [petitioner] regarding the conflict and his options. The trial court offered several times to appoint different counsel for [petitioner], and further explained the impact of waiving the conflict and proceeding with the guilty plea. However, [petitioner] was steadfast in his desire to waive the conflict, and in his desire to accept the state's offer of a plea agreement.

*State v. McClure*, No. CA2015-06-045, 2015 WL 8736538, at *1 (Ohio Ct. App. Dec. 14, 2015).

## II. PROCEDURAL HISTORY

### State Trial and Appellate Proceedings

In March of 2015, the Clermont County, Ohio grand jury returned an indictment charging petitioner with one count of first-degree aggravated robbery, with a repeat offender specification. (Doc. 5, Ex. 1). Petitioner initially pled not guilty to the charges (Doc. 5, Ex. 2), but withdrew this plea and entered a guilty plea to aggravated robbery in April 2015 (Doc. 5, Ex. 4). The state dismissed the repeat offender specification. (*See* Doc. 5, Ex. 4, at PageID 50). The trial court accepted his guilty plea (Doc. 5-1, at PageID 167), and on March 24, 2015, the trial court sentenced petitioner to a term of ten years of imprisonment in the Ohio Department of Corrections (Docs. 5, Ex. 5, at PageID 52; 5-2, at PageID 179).

On June 4, 2015, petitioner, through counsel, filed a timely appeal to the Ohio Court of Appeals, First Appellate District. (Doc. 10, Ex. 8). Petitioner raised the following two assignments of error challenging his convictions and sentence:

> **First Assignment of Error:** The trial court erred when, even though it did discuss the effect of a waiver of conflict of interest with Appellant, it did not

> inquire as to the nature of the actual conflict.
>
> **Second Assignment of Error:**  The trial court erred when it imposed a sentence that was contrary to law by sentencing Appellant to a mandatory stated prison term of ten years.

(Doc. 5, Ex. 6, at PageID 59, 63-67).  On December 14, 2015, the Ohio appellate court affirmed the trial court in a 2-1 decision, with a dissent from Judge Ringland on the question of whether the trial court made an adequate inquiry about the conflict of interest before accepting petitioner's waiver of the conflict.  *McClure*, 2015 WL 8736538, at \*\*1, \*\*5.  On January 21 2016, petitioner filed a pro-se notice of appeal to the Ohio Supreme Court.  (*See* Doc. 5, Ex. 11, at PageID 143).  In his memorandum in support of jurisdiction, petitioner raised the following assignment of error:  "Although the trial court did discuss the effect of a waiver of conflict of interest with the appellant, the trial court failed to inquire as to the nature of the actual conflict."  (Doc. 5, Ex. 10, at PageID 120).  On April 20, 2016, the Ohio Supreme Court declined to accept jurisdiction over the appeal.  *State v. McClure*, 48 N.E.3d 584 (Ohio Apr. 20, 2016) (table).

## Federal Habeas Corpus

In July 2016, petitioner commenced the instant habeas corpus action.  (Doc. 1).  In his petition for habeas corpus relief (Doc. 3), petitioner asserts the following single ground for relief:

> Trial court was constitutionally required to inquire into the nature of the actual conflict of interest.

(Doc. 3, at PageID 28).

Respondent opposes the petition.  (Doc. 6).  In the return of writ, respondent contends that the petition is subject to dismissal because petitioner's claim is not pled with sufficient specificity to satisfy Rule 2 of the Rules Governing Section 2254 Proceedings and, alternatively, fails on the merits.  (Doc. 6, at PageID 193-206).  In response, petitioner filed a reply (Doc. 7) and, with leave of this Court, amended his federal habeas petition to clarify his claim (Doc. 8).

3

For the reasons below, the Court finds that petitioner's amended petition satisfies Habeas Rule 2(c), but that dismissal of his federal habeas petition, as amended (Docs. 3, 8), is nevertheless appropriate because the petition fails to establish entitlement to federal habeas relief.

### III. THE PETITION SHOULD BE DENIED.

In this federal habeas case, the applicable standard of review governing the adjudication of the constitutional claims that were raised to and decided by the Ohio courts is set forth in 28 U.S.C. § 2254(d). Under that provision, a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits by the state courts unless the adjudication either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Otte v. Houk,* 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000)). "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* at 599-600 (quoting *Williams,* 529 U.S. at 413).

The statutory standard, established when the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was enacted, is a difficult one for habeas petitioners to meet. *Id.* at 600.

4

As the Sixth Circuit explained in *Otte*:

> Indeed, the Supreme Court has been increasingly vigorous in enforcing AEDPA's standards. *See, e.g., Cullen v. Pinholster,* [563] U.S. [170], 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011) (holding that AEDPA limits a federal habeas court to the record before the state court where a claim has been adjudicated on the merits by the state court). It is not enough for us to determine that the state court's determination is *incorrect*; to grant the writ under this clause, we must hold that the state court's determination is *unreasonable*. . . . This is a "substantially higher threshold.". . . To warrant AEDPA deference, a state court's "decision on the merits" does not have to give any explanation for its results, *Harrington v. Richter,* [562] U.S. [86, 98-99], 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011), nor does it need to cite the relevant Supreme Court cases, as long as "neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam).

*Id.* (emphasis in original). The Supreme Court has further held that when a state court rules against a defendant in an opinion that "addresses some issues but does not expressly address the federal claim in question," the federal habeas court must presume, subject to rebuttal, that the federal claim was "adjudicated on the merits" and thus subject to the "restrictive standard of review" set out in § 2254(d). *See Johnson v. Williams*, 568 U.S. 289, 293 (2013).

Although the standard is difficult to meet, § 2254(d) "stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings" and "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington*, 562 U.S. at 102. In other words, to obtain federal habeas relief under that provision, the state prisoner must show that the state court ruling on the claim presented "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

The Supreme Court has made it clear that in assessing the merits of a constitutional claim under § 2254(d), the federal habeas court must apply the Supreme Court precedents that

5

controlled at the time of the last state-court adjudication on the merits, as opposed to when the conviction became "final." *Greene v. Fisher*, 565 U.S. 34, 40 (2011); *cf. Otte,* 654 F.3d at 600 (citing *Lockyer v. Andrade,* 538 U.S. 63, 71-72 (2003)) (in evaluating the merits of a claim addressed by the state courts, the federal habeas court must "look to Supreme Court cases already decided at the time the state court made its decision"). The writ may issue only if the application of clearly-established federal law is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000) (citing *Williams,* 529 U.S. at 412); *see also White v. Woodall*, _ U.S. _, 134 S.Ct. 1697, 1702 (2014) (quoting *Howes v. Fields*, 565 U.S. 499, 505 (2012) (internal citation and quotation marks omitted)) ("[C]learly established Federal law' for purposes of § 2254(d)(1) includes 'only the holdings, as opposed to the dicta, of this Court's decisions."). Decisions by lower courts are relevant only "to the extent [they] already reviewed and interpreted the relevant Supreme Court case law to determine whether a legal principle or right had been clearly established by the Supreme Court." *Otte*, 654 F.3d at 600 (quoting *Landrum v. Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010)).

    **A.**     **Habeas Corpus Rule 2(c).**

Rule 2(c) of the Rules Governing Section 2254 Cases provides that the petitioner must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." *See also Flood v. Phillips*, 90 F. App'x 108, 113 (6th Cir. 2004). Habeas Rule 2(c) is "more demanding" than Fed. R. Civ. P. 8(a), which requires in "ordinary civil proceedings" that the complaint "provide 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also McFarland v. Scott*, 512 U.S. 849, 860 (1994) (O'Connor, J., concurring in

part) ("the habeas petition, unlike a complaint, must allege the factual underpinning of the petitioner's claims"). "'Notice' pleading is insufficient in the habeas context, as the petitioner is expected to state facts that point to a real possibility of constitutional error." *Johnson v. Sheldon*, No. 3:14-cv-1675, 2015 WL 3650695, at *2 (N.D. Ohio June 11, 2015) (citing *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977); *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002)); *see also Rice v. Warden*, No. 1:14-cv-732, 2015 WL 5299421 (S.D. Ohio Sept. 9, 2015) (Report & Recommendation) (citing Advisory Committee Note to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254), *adopted*, 2015 WL 6104354 (S.D. Ohio Oct. 16, 2015).

Dismissal under Habeas Rule 2(c) is appropriate where the petitioner's petition and accompanying pleadings are unintelligible and the Court is unable to determine what alleged errors of fact or law are at issue for adjudication. *See Denoma v. Kasich*, No. 1:15-CV-594, 2015 WL 9906255, at *3 (S.D. Ohio Nov. 2, 2015) (Report & Recommendation) (citing cases), *adopted*, 2016 WL 279239 (S.D. Ohio Apr. 5, 2016).

Liberally construing petitioner's pro se amended petition and pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court finds that dismissal under Rule 2(c) is inappropriate. Rather, the Court presumes from a review of the record in this case that petitioner intends to raise in his federal habeas claim the same issue concerning the voluntariness of his waiver of the alleged conflict of interest that he raised before Ohio Court of Appeals. *See Koon v. Warden, Madison Corr. Inst.*, No. 2:16-CV-00950, 2017 WL 1106372, at *6 (S.D. Ohio 2017) (Report & Recommendation) (finding dismissal under Rule 2(c) inappropriate where a liberal construction of the petitioner's habeas pleadings suggested that the petitioner was raising a claim that he had raised in the state court of appeals), *adopted*, 2017 WL 2505626 (S.D. Ohio June 9,

2017).  Nevertheless, for the reasons stated below, dismissal is appropriate because petitioner's amended petition (Docs. 3, 8) fails to establish that petitioner is entitled to federal habeas relief.

**B.     Petitioner's habeas claim fails on the merits.**

In his sole ground for relief, petitioner claims that the "[t]rial court was constitutionally required to inquire into the nature of the actual conflict of interest."  (Doc. 3, at Page ID 28).

Petitioner has a Sixth Amendment right to conflict-free counsel.  *Gillard v. Mitchell*, 445 F.3d 883, 890 (6th Cir. 2006) (citing *Smith v. Anderson*, 689 F.2d 59, 62-63 (6th Cir. 1982)). Defense counsel owes the client a duty of loyalty, and that includes the duty to avoid conflicts of interest.  *Strickland v. Washington*, 466 U.S. 668, 688 (1984) (citing *Cuyler v. Sullivan*, 446 U.S. 335, 346 (1980)).  The joint representation by a law firm of two co-defendants (or in this case joint representation of a co-defendant and a potential trial witness) does not constitute a per se violation of the right to effective assistance of counsel.  *See Brooks v. Bobby*, No. 1:02-cv-1416, 2006 WL 2456494, at *9 (N.D. Ohio Aug. 22, 2006) (citing *Glasser v. United States*, 315 U.S. 60, 70 (1942)).  To establish a Sixth Amendment violation, "a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance."  *Cuyler*, 446 U.S. at 350.

A trial court must conduct an inquiry into an alleged conflict where "the trial court knows or reasonably should know that a particular conflict exists," or where an attorney or one of the parties objects to the joint representation.  *Mickens v. Taylor*, 535 U.S. 162, 168-69 (2002) (quoting *Cuyler*, 446 U.S. at 347-48 (footnote omitted)).  *See also Moss v. United States*, 323 F.3d 445, 470-71 (6th Cir. 2003).  A criminal defendant has the right to privately retained counsel of his or her own choosing, and may waive the right to representation by a conflict-free attorney, so long as that waiver is knowing and intelligent.  *See Johnson v. Zerbst*, 304 U.S. 458, 464 (1938); *Bray v. Cason*, No. 04-cv-40123, 2008 WL 2544906, at *11 (E.D. Mich. June 20,

2008) (citing *Wheat v. United States*, 486 U.S. 153, 158-59 (1988)).  A waiver is knowing and intelligent when made "with sufficient awareness of the relevant circumstances and likely consequences."  *Brady v. United States*, 397 U.S. 742, 748 (1970) (footnote omitted).  Whether there has been an intelligent waiver of a constitutional right depends of the facts and circumstances of the case.  *Williams v. Jones*, 391 F. Supp.2d 603, 614 (E.D. Mich. 2005) (citing *Zerbst*, 304 U.S. at 464).  *See also Yeboah-Sefah v. Ficco*, 556 F.3d 53, 68 (1st Cir. 2009) (explaining that the trial court's duty to inquire "is generally and broadly stated, and there are no clearly established Supreme Court decisions bearing directly on the constitutional requirements for an adequate conflict-waiver colloquy").

In *United States v. Lowry*, 971 F.2d 55, 60 (7th Cir. 1992), the United States Court of Appeals for the Seventh Circuit noted the dilemma faced by a trial court confronted with a conflict of interest:

> If the court is alerted to a conflict of interest and disqualifies a defendant's attorney, the defendant may claim on appeal that he was deprived of the right to retain the counsel of his choice.  If, on the other hand, the court accepts the defendant's waiver of his right to conflict-free counsel and allows him to proceed despite a conflict, the defendant may later claim that his waiver was invalid for some reason, and that an alleged conflict of interest rendered his counsel constitutionally ineffective. . . .  As the Supreme Court put it in *Wheat*, trial courts face the prospect of being 'whip-sawed' by assertions of error no matter which way they rule.  486 U.S. at 161, 108 S. Ct. at 1698.

*Id*.  The Court in *Lowry* concluded that the defendant had waived his right to conflict-free counsel, stating "[t]o hold otherwise would be to render the waiver meaningless; a defendant would lose nothing by waiving his right and sticking with counsel who had a conflict, since he could always allege 'ineffective assistance' if convicted."  *Id*. at 63-64.  The United States Court of Appeals for the Sixth Circuit has held that "even if an actual conflict of interests or a strong likelihood of conflict is demonstrated the defendant must be given an opportunity to waive his

9

constitutional right to conflict-fee representation." *United States v. Reese*, 699 F.2d 803, 805 (6th Cir. 1983). "A voluntary waiver of this constitutional right, knowingly and intelligently made, must be honored by the court in the absence of compelling circumstances." *Id*.

Here, the Ohio Court of Appeals found, over the dissent of Judge Ringland,[2] that "the trial court properly inquired into the nature of the conflict of interest, and properly accepted [petitioner's] waiver of that conflict." *McClure*, 2015 WL 8736538, at **4. The Ohio Court of Appeals also found that "[petitioner] chose to plead guilty in return for the state dismissing the repeat offender specification, and there is absolutely no indication in the record that [petitioner's] acceptance of the state's plea offer was in any way impacted by the public defender's office representing multiple parties." *See id*. at **3.

Even assuming, as the trial court found, that a conflict of interest existed,[3] *see Burger v. Kemp*, 483 U.S. 776, 783 (1987) ("[a]ssuming without deciding that two law partners are considered as one attorney"), the Ohio Court of Appeals reasonably concluded that petitioner knowingly, voluntarily, and intelligently waived the conflict. *See* 28 U.S.C. § 2254(d)(1), (2).

---

[2] Judge Ringland's dissent is grounded in the Ohio Rules of Professional Conduct. *See McClure*, 2015 WL 8736538, at **5 & n.1. However, "[t]he Sixth Amendment right to have a conflict-free counsel requires a different analysis than an inquiry whether counsel has violated a rule of professional responsibility." *United States v. Kilpatrick*, No. 10-20403, 2013 WL 4029084, at *17 (E.D. Mich. Aug. 8, 2013) (citing *Nix v. Whiteside*, 475 U.S. 157, 165 (1986)). "A criminal defendant can only demonstrate a Sixth Amendment violation resulting from a conflict of interest if he establishes both that his counsel 'actively represented conflicting interests,' and 'an actual conflict adversely affected his lawyer's performance.'" *Kilpatrick*, 2013 WL 4029084, at *17 (quoting *Burger v. Kemp*, 483 U.S. 776, 783 (1987)). As explained *infra*, even if the conflict-waiver in this case is invalid, which this Court does not find, habeas relief is unwarranted because petitioner has not shown that Ohio Court of Appeals unreasonably concluded that the alleged conflict did not adversely affect counsel's performance. *McClure*, 2015 WL 8736538, at **3.

[3] The Ohio Court of Appeals stated that the trial court "determined a conflict did exist." *McClure*, 2015 WL 8736538, at **2. In so finding, the court did not suggest that the trial court found the existence of an "actual conflict of interest," as that term is used in *Mickens*, 535 U.S. at 171, where the Supreme Court explained that an "'actual conflict of interest' meant precisely a conflict *that affected counsel's* performance." Given the Ohio Court of Appeal's finding that "there is absolutely no indication in the record that [petitioner's] acceptance of the state's plea offer was in any way implicated by the public defender's office representing multiple parties," it is clear that the court was referring to a real or genuine—not an "actual"—conflict of interest. *See Moss*, 323 F.3d at 467 n.23 (explaining that "'an actual conflict of interest' . . . is a term of art requiring a conflict of interest and adverse effect" and distinguishing a "real or genuine, as opposed to a hypothetical, conflict of interest" from an "actual" conflict of interest).

The trial court heard from defense counsel and petitioner prior to accepting the conflict-waiver (*see* Doc. 5-1, at PageID 145-48), informed petitioner of the seriousness of the charge against him (*see* Doc. 5-1, at PageID 146-47), asked petitioner whether he understood that the conflict was that two attorneys from the same public defender's office represented both him and a potential state's witness (*see* Doc. 5-1, at PageID 148), and offered petitioner multiple times to have different counsel appointed (*see* Doc. 5-1, at PageID 146-47). Based on the trial court's exchange with petitioner, the Ohio Court of Appeals reasonably determined that petitioner knowingly, voluntarily, and intelligently waived the conflict. *See Lowry*, 971 F.2d at 62.

Moreover, even if the conflict-waiver is invalid, which this Court does not find, habeas relief remains unwarranted. *See Cuyler*, 446 U.S. at 350 (explaining that a Sixth Amendment violation does not occur in the absence of a showing that "an actual conflict of interest adversely affected [a defendant's] lawyer's performance"). Petitioner does not assert that absent the alleged conflict he would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *see also Thomas v Foltz*, 818 F.2d 476, 480 (6th Cir. 1987) ("in order to successfully assert a claim of ineffective counsel based on a conflict of interest, a defendant who entered a guilty plea must establish: (1) that there was an actual conflict of interest, . . . and (2) that the conflict adversely affected the voluntary nature of the guilty plea entered by the defendant). As respondent asserts, by pleading guilty petitioner received the benefit of the state's dismissal of the repeat offender specification. (*See* Doc. 6, at PageID 205). Further, petitioner does not assert any "strong and obvious defense" that counsel failed to pursue on account of the alleged conflict. *McFarland v. Yukins*, 356 F.3d 688, 707 (6th Cir. 2004). In the absence of any asserted nexus between counsel's alleged conflict of interest and petitioner's decision to plead guilty, petitioner cannot establish a Sixth Amendment violation. *See Moss*, 323 F.3d at 469

(requiring a defendant to "demonstrate a nexus between the conflict and the adverse effect on counsel's performance.").

Accordingly, in sum, petitioner is not entitled to habeas corpus relief based on the sole ground alleged in his petition because the claim raised in that ground fails on the merits. It is therefore **RECOMMENDED** that petitioner's petition for a writ of habeas corpus, as amended (Docs. 3, 8) be **DENIED** with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docs. 3, 8) be **DENIED** with prejudice.

2. A certificate of appealability should not issue because petitioner has not stated a "viable claim of the denial of a constitutional right" or that the issues presented are "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (*citing Barefoot v. Estelle*, 463 U.S. 880, 893 & n. 4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

*s/ J. Gregory Wehrman*
J. Gregory Wehrman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JOEL VINCENT MCCLURE,
    Petitioner,

vs.

WARDEN, LONDON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:16-cv-729

Barrett, J.
Wehrman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).